IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LATISHEA WAGGONER )
)
v. ) NO. 3:05-0590
)
SPHERION CORPORATION )

TO:  Honorable Aleta A. Trauger, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered July 27, 2005 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge for frivolity review under 28 U.S.C. § 1915(e)(2)(B) and for pretrial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending before the Court is the defendant's second motion (Docket Entry No. 20) for sanctions and to dismiss.  The plaintiff has not responded to the motion.  For the reasons set out below, the Court recommends that the motion be granted and that this action be dismissed.

### I. BACKGROUND

The plaintiff, acting pro se, filed this civil action in forma pauperis under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.  Plaintiff named Spherion Corporation ("Spherion") as the sole defendant and alleged wrongful termination and retaliation.

By order entered August 26, 2005 (Docket Entry No. 5), process was issued to the defendant on the plaintiff's claim of wrongful termination.  All other claims alleged in the complaint were dismissed.  The defendant filed an answer (Docket Entry No. 9), and a scheduling order (Docket Entry No. 10) was entered setting out deadlines for pretrial proceedings in the action.

On February 8, 2006, the defendant filed a motion to compel (Docket Entry No. 13) and a motion for sanctions (Docket Entry No. 11), based upon the plaintiff's failure to respond to written

discovery requests and failure to cooperate in her scheduled deposition. The plaintiff did not respond to either motion.

By order entered March 10, 2006 (Docket Entry No. 18), the Court granted the defendant's motion to compel and ordered the plaintiff to serve upon the defendant written responses to its discovery requests within twenty (20) days of entry of the order. The Court took the defendant's request for an award of fees and costs incurred in filing the motion to compel under advisement pending the plaintiff's compliance with the order.

However, the Court granted the defendant's motion for sanctions and awarded the defendant $1000.00 as sanctions in accord with Rule 37(b)(2) and (d) of the Federal Rules of Civil Procedure. The Court also revised the scheduling order deadlines and ordered the plaintiff to attend a deposition, scheduled by the defendant no earlier than 15 days from the entry of the order, for no more than six (6) additional hours. The plaintiff was warned that her failure to appear for the rescheduled deposition and remain for up to six hours could result in the imposition of further sanctions against her, including additional attorneys' fees and expenses and/or the dismissal of this action.

On April 10, 2006, the defendant filed the pending second motion for sanctions and to dismiss. The defendant asserts that the plaintiff is not in compliance with the Court's March 10, 2006, order. The defendant contends that the plaintiff has not provided responses to its written discovery requests in contravention of the Court's order. Additionally, the defendant alleges that the plaintiff's deposition was re-noticed for April 3, 2006, in Nashville, Tennessee, and a message was left on the plaintiff's answering machine reminding her of the deposition. The defendant asserts that the plaintiff failed to appear at the deposition. The defendant asks for dismissal of the action as a sanction and also asks for an award of costs for the instant motion, the motion taken under advisement, and for the attempted deposition.

The plaintiff has not responded to the defendant's motion. The Court notes that the record in this action indicates that the  copy of the March 10, 2006, order which was mailed to the plaintiff

at the address she provided was returned with the notation "return to sender insufficient address."

<u>See</u> Docket Entry No. 19.[1]

## II. CONCLUSIONS

Federal Rule of Civil Procedure 37(b) provides that a court may make such orders "as are just" when a party fails to obey an order to provide discovery. The Court is given the discretion to impose any sanction authorized under Rule 37(b)(2), which includes but are not limited to:

. . .

> An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

Rule 37(b)(2)(c). The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the court based on the facts of each particular case. <u>See</u> <u>National Hockey League v. Metropolitan Hockey Club</u>, 427 U.S. 639 (1976); <u>Regional Refuse Systems v. Inland Reclamation Co.</u>, 842 F.2d 150, 154 (6th Cir. 1988). Further, it is well settled that federal trial courts have the inherent power to manage their own dockets, <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. <u>Carter v. City of Memphis, Tennessee</u>, 636 F.2d 159, 161 (6th Cir. 1980).

The plaintiff's failure to respond to written discovery requests, failure to attend and proceed with her scheduled deposition on three occasions, failure to comply with the Court's order, and failure to respond to the defendant's pending motion all indicate that she has lost interest in prosecuting this action. The action should be dismissed with prejudice due to the plaintiff's

---

[1] The Court notes that the address, 276 Stewarts Ferry Pike, Nashville, TN 37214, has been used for all correspondence to the plaintiff from the Court. It appears that the only other order sent to the plaintiff by certified mail at this address was returned to the Court as "unclaimed." <u>See</u> Docket Entry No. 8.

3

willfulness and fault in failing to engage in discovery and in disregarding the Court's March 10, 2006, order. In that order, the plaintiff was specifically warned of the consequences of her failure to comply with the directives of the Court regarding discovery and her deposition. When a plaintiff has been warned by the Court that dismissal of the action may result from her dilatory or noncompliant actions, dismissal under Rule 41(b) is warranted absent even a showing of bad faith or contumacious conduct. See Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988).

Dismissal of the action with prejudice is appropriate in light of the plaintiff's lack of interest in the action, the hardship it would cause the defendant to face the prospect of defending a future action based on allegations which it has attempted to defend against in this action, the impasse in discovery caused by the plaintiff's refusal to participate in discovery, and the needless expenditure of resources by both the Court and the defendant caused by the plaintiff's conduct.

To the extent that the defendant seeks monetary sanctions in addition to the sanction of dismissal, the Court recommends that such sanctions be denied.[2] Dismissal of the instant lawsuit is a grave and sufficient sanction for the pro se plaintiff's conduct.

## RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS that the defendant's motion to dismiss (Docket Entry No. 20) be GRANTED and this action be DISMISSED with prejudice but that the defendant's request for monetary sanctions be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District

---

[2] The recommendation that no additional monetary sanctions and costs be assessed against the plaintiff does not affect the Court's prior award of sanctions in the March 10, 2006, order.

4

Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

                              _____
                              JULIET GRIFFIN
                              United States Magistrate Judge

5